HENRY M. ALLEN & others *vs.* INHABITANTS OF MARION
& others.

Under a statute providing that the profits of the alewife fisheries of a certain river should
be paid into the treasuries of certain towns, in proportion to their respective valuations
the towns have no authority to vote to distribute the money on the polls.

BILL IN EQUITY by ten tax-payers, and more, of Marion, set-
ting forth that the towns of Marion, Rochester and Mattapoisett
are, under the statutes incorporating said town, jointly interested
in the profits of the herring fishery in Mattapoisett River, and
that the share belonging to Marion has always heretofore been
paid by the herring inspectors into the treasury of the town, and
used for the general purposes of the town; but at a town meet-
ing held in April 1865 the inhabitants have voted "that the
herring money be distributed on the polls," which is an illegal
disposition thereof. The prayer was for an injunction. The
defendants filed a general demurrer, and the case was reserved
for the determination of the whole court.

 *C. T. Bonney,* for the defendants.

 *T. M. Stetson* for the plaintiffs.

BIGELOW, C. J.    By the act incorporating the town of Marion, *St.* 1852, *c.* 225, § 5, it is provided that the share or proportion of the net yearly profits of the herring or alewife fisheries of Mattapoisett River set apart for and belonging to Marion shall be paid into the town treasury.    It is under this grant or privilege bestowed by the legislature and accepted by the town that the defendants have received and hold the money which is the subject of this suit.    By virtue of the payment of the money into the treasury of the town under the provisions of the statute, it became part of the general funds of the town, to be appropriated and used only for such purposes as would come within the scope of legitimate municipal expenditures.    It was not given to the town on any special trust, nor did they take it as absolute owners with an unfettered right of disposing of it for any object which a majority of the voters might select and determine.    It was received for the use and benefit of all the inhabitants, and not for any class or portion of them, and can be expended in such manner and for such purposes as· towns in their corporate capacity are authorized by law to use and appropriate money, and for no other objects whatever; that is, for such purposes as are recognized by law to be for the public benefit and advantage, and which will therefore enure to the use of all the inhabitants of the town.    These are designated in Gen. Sts. *c.* 18, § 10.    The general clause in the section which follows the enumeration of the specific objects for which towns may grant and vote money, and which authorizes them to appropriate it for " all other necessary charges arising in the town," does not give to the voters an unqualified *jus disponendi.*    The right is limited to objects of a like character with those previously specified.    It is a well settled rule in the construction of statutes, that general terms or expressions following a particular or special designation or enumeration of persons or things are to be taken to be applicable to those objects which are *ejusdem generis* with those comprehended within the specific words which precede the general clause.

It is too clear to admit of discussion that the vote of the town of Marion, set forth in the bill, by which the majority undertook

to dispose of the proceeds of the sales of fish which had been paid into the town treasury, does not grant money for any purpose such as towns are authorized by law to expend it. If, as we suppose, the intent of the vote was that the money should be distributed among the ratable polls, that is, should be paid out to those who were liable to a poll tax in the town, then it was in no sense a grant of money for a public object of expenditure, but was clearly an unequal and unjust as well as an illegal disposition of the money of the inhabitants. *Simmons* v. *Hanover,* 23 Pick. 181, 196.

The right of the plaintiffs, as tax-payers in the town, to maintain this bill to restrain such unlawful disposition of money in the town treasury is expressly given by Gen. Sts. *c.* 18, § 79.

*Demurrer overruled.*